IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TAVON D. SMALL,

    Plaintiff,

v.

YES CARE CORP., *et al.*,

    Defendants.

Civil Action No. 1:23-cv-1087-LKG

Dated: August 19, 2024

## MEMORANDUM OPINION

Self-represented plaintiff Tavon D. Small, a state inmate currently confined at Maryland Correctional Institution - Jessup ("MCI-J"), filed this amended civil rights complaint pursuant to 42 U.S.C. § 1983, against medical provider YesCare Corp. and Roxbury Correctional Institution ("RCI") Warden Carlos Bivens, RCI Assistant Warden Todd Hull, and Department of Public Safety and Correctional Services ("DPSCS") Secretary Carolyn Scruggs[1] (collectively the "Correctional Defendants"). ECF No. 6 at 1-3. Small seeks monetary damages for constitutionally inadequate medical treatment and retaliation, and a medical evaluation from a doctor outside of DPSCS. *Id.* at 5.

In response to the Amended Complaint, the Correctional Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 23. YesCare Corp. filed a similarly styled Motion. ECF No. 24. Small was advised of his right to file an opposition response to Defendants' Motions and of the consequences for failing to do so. ECF No. 25, 26. However, Small has filed nothing further. The Court has reviewed the pleadings and finds a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, the Correctional Defendants' Motion (ECF No. 23), construed as one for summary judgment, shall be **GRANTED**. YesCare Corp.'s Motion (ECF No. 24), construed as a Motion to Dismiss, shall also be **GRANTED**.

**I.    Background**

---

[1] The Correctional Defendants have provided the full and correct names of the Defendants. *See* ECF No. 23-1 at 1. The Clerk will be directed to update the docket accordingly.

### A.      Small's Amended Complaint

Small filed an Amended Complaint which serves as the operative Complaint in this matter. ECF No. 5, 6. Therein, Small alleges that since January 21, 2021, he has been experiencing "excruciating pain" in his testicles. ECF No. 6 at 4. He describes the pain as being so severe that it causes him to "crumple over," "holler out in pain," and causes "sleepless nights." *Id.* Small states that the issues began while he was at Maryland Correctional Institution – Hagerstown, and he informed the nurses and doctors at RCI about his condition upon transfer. *Id.* Small's family repeatedly contacted the Warden's office to attempt to help him obtain assistance with this issue. *Id.* Small alleges that this prompted retaliation from Assistant Warden Todd Hull, who "sent officers at" him and "filed false charges against" him "for making complaints and having [his] family involved." *Id.* He states that he was placed in a "freezing cold cell" without basic necessities, including sufficient clothing, a mattress, a blanket, sheets, water, or toiletries. *Id.* at 4-5. Small alleges that Warden Bivens and Assistant Warden Hull "knew of [his] numerous medical conditions," but did nothing to assist him. *Id.* at 5.

Additionally, Small alleges that he has a "sickle cell trait" which causes severe abdominal pain. *Id.* He states that his "custodians" are aware of this issue but retaliate against him for trying to get help. *Id.* Small acknowledges that he has been seen by medical for these issues, but states that "they only prescribe one psych-meds saying things like 'pain is only psychological so the psych meds will help.'" *Id.* He also states that he is obese due to "constant lock down" and he receives "no outdoor recreation," which he believes to be retaliatory. *Id.*

As a result of the foregoing allegations, Small states that he has been "unable to receive any real medical treatment" and his "cyst has grown considerably." *Id.* He asserts that he is "confined to a cell 24 hours a day left to essentially die which is currently occurring." *Id.*

The Correctional Defendants responded to Small's Amended Complaint and assert that this suit is barred and must be dismissed because Small failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"). ECF No. 23-1 at 5. Additionally, they argue that Small has failed to state a claim against Secretary Scruggs, as she is only mentioned in the caption of the Amended Complaint. In support of their Motion, the Correctional Defendants include the Declaration of Warden Bivens attesting that Small never filed a grievance (known as an "ARP") about any of the allegations in his Complaint as required under the PLRA. In fact, Bivens attests that he reviewed internal records and discovered that

"the only ARP" Small filed between January 21, 2021, the date noted in his Amended Complaint, and May 1, 2022,[2] revealed only one ARP. *Id.* The ARP, dated April 26, 2023, was filed against "Sgt. Wetzel" who wrote an infraction following Small's alleged ownership of a controlled dangerous substance, and alleged subsequent retaliation by Wetzel. *Id., see also* ECF No. 23-3. As noted, Small was informed of his right to respond in opposition to the Correctional Defendants Motion, but failed to do so. *See* ECF No. 25. As it pertains to exhaustion, Small's Amended Complaint provides no information. *See* ECF No. 6. Although the Amended Complaint now serves as the operative pleading in this matter, the Court recognizes that Small proceeds pro se, and thus reviewed the original Complaint for evidence regarding exhaustion. ECF No. 1. There, Small states that he filed a grievance but "no response" was given and he was told that he "paperwork [was] misplaced." *Id.* at 2. Small also included a 37-page exhibit with his original Complaint that he did not refile or reference with his Amended Complaint. ECF No. 1-2. The Court notes that this exhibit contains only medical information and sick call slips, and does not support any inference that Small attempted to exhaust his administrative remedies. *Id.*

Defendant YesCare Corp. also filed a dispositive motion seeking dismissal, or alternatively, summary judgment. ECF No. 24, 24-1. First, they argue that Small has failed to state a claim against YesCare, and thus dismissal is appropriate. ECF No. 24-1 at 12. Alternatively, they argue that YesCare is entitled to summary judgment on Small's Eighth Amendment claim. *Id.* at 13. In support thereof, they offer large portions of Small's medical record (ECF Nos. 24-3 to 24-14), and the Declaration of Dr. Joel Buzy (ECF No. 24-2).[3] Again, as noted, Small has not responded to YesCare's Motion.

**II.   Standard of Review**

In reviewing the Amended Complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the Court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to Small. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 474 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the

---

[2] It appears 2022 may have been written in error, as the only ARP discovered by Warden Bivens in his review of the records is dated April 26, 2023. *See* ECF No. 23-2 at 2.

[3] Because the Court agrees, for the reasons stated *infra*, that Small has not stated a claim against YesCare Corp., it need not recount, and does not consider, the exhibits offered by YesCare. ECF Nos. 24-1 to 24-14.

claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Although Defendants have submitted exhibits with their Motion, when deciding a motion to dismiss under Rule 12(b)(6), a court typically considers only the complaint and any attached documents. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Rule 12(d) requires courts to treat such a motion as a motion for summary judgment where matters outside the pleadings are considered and not excluded. Fed. R. Civ. P. 12(d). Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Reasonable opportunity" has two requirements: (1) the nonmoving party must have some notice that the court is treating the Rule 12(b)(6) motion as a motion for summary judgment; and (2) the nonmoving party must be afforded "a reasonable opportunity for discovery" to obtain information essential to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985).

Here, the notice requirement has been satisfied by the title of Defendants' Motion. To show that a reasonable opportunity for discovery has not been afforded, the nonmoving party must file an affidavit or declaration under Rule 56(d), or another filing, explaining why "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d); *see Harrods Ltd. v. Sixty Internet Domain Names,* 302 F.3d 214, 244–45 (4th Cir. 2002). As noted, Small has not replied at all to the Motions.

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 645 (4th Cir. 2002). Importantly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986) (emphasis in original).

While self-represented pleadings are liberally construed, *see Erickson v. Pardus,* 551 U.S. 89, 94 (2007), this Court maintains an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted) (quoting *Drewitt v. Pratt,* 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986)). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson,* 477 U.S. at 249-50.

The Correctional Defendants assert in their motion that Small failed to exhaust the grievance process and has also failed to state a claim for relief. ECF No. 23. The motion includes exhibits that relate specifically to Small's efforts to exhaust the grievance process. ECF Nos. 23-2 and 23-3. Because the Court considers these exhibits, the portion of the motion that relates to Small's exhaustion defense will be construed as a motion for summary judgment.

### III. Analysis

#### A. Exhaustion

The Correctional Defendants assert that Small's complaint should be dismissed because he failed to exhaust the grievance process as to any of his claims. As noted, the Court will assess the exhaustion defense as a motion for summary judgment. If Small's claims have not been properly presented through the administrative remedy procedure, they must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.

The PLRA provides in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Id.* § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003), *aff'd*, 98 F. App'x 253 (4th Cir. 2004).

Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). The Court may dismiss a claim on this ground only if "the defendants raise the issue as an affirmative defense and the inmate has had an opportunity to respond to the affirmative defense" or in "the rare, exceptional instance where administrative exhaustion"—or lack thereof—is "apparent on the complaint's face." *Custis*, 851 F.3d at 362 (citing *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008)).

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies. *Moore*, 517 F. 3d at 729; *see also Langford v. Couch*, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he . . . PLRA amendment made clear that exhaustion is now

mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).' " *Id.* at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Although the PLRA requires the prisoner to exhaust available remedies, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore*, 517 F.3d at 725.

The Maryland Department of Public Safety and Correctional Services ("DPSCS") has an established "administrative remedy procedure" ("ARP") for use by Maryland State prisoners for "inmate complaint resolution." *See generally* Md. Code Ann. (2008 Repl. Vol.), Corr. Servs. ("C.S."), § 10-201 *et seq.*; Md. Code Regs. ("COMAR") 12.07.01B(1) (defining ARP). The grievance procedure applies to the submission of "grievance[s] against . . . official[s] or employee[s] of the Division of Correction." C.S. § 10-206(a).

Regulations promulgated by DPSCS concerning the administrative remedy procedure define a "grievance" to include a "complaint of any individual in the custody of the [DOC] against any officials or employees of the [DOC] arising from the circumstances of custody or confinement." COMAR 12.07.01.01(B)(7). "A court may not consider an individual's grievance that is within the jurisdiction of the [Inmate Grievance] Office or the Office of Administrative Hearings unless the individual has exhausted the remedies" set forth in C.S. Title 10, Subtitle 2. C.S. § 10-210(a).

To pursue a grievance, a prisoner confined in a Maryland prison may file a grievance with the Inmate Grievance Office ("IGO") against any DOC official or employee. C.S. § 10-206(a). However, if the prison has a grievance procedure that is approved by the IGO, the prisoner must first follow the institutional ARP process, before filing a grievance with the IGO. *See* C.S. § 10-206(b). When the ARP process provides a possible remedy, it must be followed and completed before an inmate may file a grievance with the IGO.

The ARP process consists of multiple steps. For the first step, a prisoner is required to file his initial ARP with his facility's "managing official." COMAR 12.02.28.05(D)(1). "Managing official" is defined by COMAR 12.02.28.02(B)(14) as "the warden or other

individual responsible for management of the correctional facility" and is defined under C.S. § 1-101(m) "as the administrator, director, warden, superintendent, sheriff, or other individual responsible for the management of a correctional facility." The ARP request must be filed within 30 days of the date on which the incident occurred, or within 30 days of the date the prisoner first gained knowledge of the incident or injury giving rise to the complaint, whichever is later. COMAR 12.02.28.09(B). The second step in the ARP process occurs if the managing official denies a prisoner's initial ARP or fails to respond to the ARP within the established time frame. The prisoner has 30 days to file an appeal to the Commissioner of Corrections. COMAR 12.02.28.14(B)(5).

If the Commissioner of Correction denies an appeal, the prisoner has 30 days to file a grievance with the IGO.[4] COMAR 12.02.28.18; C.S. § 10-206(a); COMAR 12.07.01.05(B). When filing with the IGO, a prisoner is required to include copies of the following: the initial request for administrative remedy, the warden's response to that request, a copy of the ARP appeal filed with the Commissioner of Correction, and a copy of the Commissioner's response. COMAR 12.07.01.04(B)(9)(a). If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing." C.S. § 10-207(b)(1); *see also* COMAR 12.07.01.06(B). An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii). However, if a hearing is deemed necessary by the IGO, the hearing is conducted by an administrative law judge with the Maryland Office of Administrative Hearings. *See* C.S. § 10-208; COMAR 12.07.01.07-.08. The conduct of such hearings is governed by statute. *See* C.S. § 10-208; COMAR 12.07.01.07(D); Md. Code Ann., State Gov't § 10-206(a)(1).

A decision of the administrative law judge ("ALJ") denying all relief to the inmate is considered a final agency determination. C.S. § 10-209(b)(1)(ii); COMAR 12.07.01.10(A)(2). However, if the ALJ concludes that the inmate's complaint is wholly or partly meritorious, the decision constitutes a recommendation to the Secretary of DPSCS, who must make a final agency determination within fifteen days after receipt of the proposed decision of the ALJ. *See* COMAR 12.07.01.10(B); C.S. § 10-209(b)(2)(c).

---

[4] If the Commissioner fails to respond, the grievant shall file their appeal within 30 days of the date the response was due. COMAR 12.07.01.05(B)(2).

The final agency determination is subject to judicial review in Maryland state court, so long as the claimant has exhausted his remedies. *See* C.S. § 10-210. An inmate need not, however, seek judicial review in state court in order to satisfy the PLRA's administrative exhaustion requirement. *See, e.g.*, *Pozo*, 286 F.3d at 1024 ("[A] prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court.").

Here, the record reflects, and Small does not dispute, that he did not complete even the first step of the grievance procedure by filing an ARP on the issues raised in his Amended Complaint. By failing to complete even the threshold step of filing an ARP, let alone the full process of exhaustion, Small's claims cannot proceed under the PLRA. Summary judgment is granted in favor of the Correctional Defendants.[5]

### B. YesCare Corp.

Small named Yes Care Corp. as a Defendant. In the case of *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the Supreme Court held that local governmental entities may be liable under § 1983 based on the unconstitutional actions of individual defendants where those defendants were executing an official policy or custom of the local government that violated the plaintiff's rights. *Id.* at 690-91. Of import here, *Monell* liability has been extended to private entities operating under color of state law, including private prison health care providers, such as YesCare Corp. *See, e.g.*, *West*, 487 U.S. at 49; *Polk*, 454 U.S. at 320; *Rodriguez v. Smithfield Packing Co., Inc.*, 338 F.3d 348, 355 (4th Cir. 2003); *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). A viable § 1983 *Monell* claim consists of two components: (1) the municipality or private entity had an unconstitutional policy or custom; and (2) the unconstitutional policy or custom caused a violation of the plaintiff's constitutional rights. *See, e.g.*, *Bd. of Comm'rs of Bryan Cty., v. Brown*, 520 U.S. 397, 403 (1997); *Kirby v. City of Elizabeth City*, 388 F.3d 440, 451 (4th Cir. 2004), *cert. denied*, 547 U.S. 1187 (2006); *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003).

The Complaint does not allege that YesCare Corp. maintained any unconstitutional policy or custom. Indeed, YesCare Corp is mentioned only in the caption of the Complaint, and no facts are provided to support any theory of liability whatsoever. Although the Court is mindful of its obligation to liberally construe pro se pleadings, Small has failed to provide any detail regarding

---

[5] Because the Court agrees Small's claims are unexhausted, it declines to consider the additional argument that Small has failed to state a claim against Defendant Scruggs.

9

YesCare's involvement in or liability for the allegations in the Amended Complaint. Thus, Small has not presented "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). YesCare Corp. is entitled to dismissal.

### IV. Conclusion

By separate Order which follows, the Correctional Defendants' Motion (ECF No. 23), construed as one for summary judgment, shall be **GRANTED.** YesCare Corp.'s Motion (ECF No. 24), construed as a Motion to Dismiss, shall also be **GRANTED.**

August 19, 2024
Date

LYDIA KAY GRIGGSBY
United States District Judge